## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

| | |
|---|---|
| **Y. FRANCO,** | CASE NO: |
| **Plaintiff,** | |
| vs. | |
| **PAPA JOHN'S INTERNATIONAL, INC., PAPA JOHN'S USA, INC., PARADISE ISLANDS PIZZA, INC. d/b/a PAPA JOHN'S PIZZA, and KRUEGER PIZZA MARATHON, LLC.,** | **TRIAL BY JURY DEMANDED** |
| **Defendants.** | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW,** Plaintiff, Y. FRANCO, ("Plaintiff") by and through her undersigned counsel, and complains of Defendants, PAPA JOHN'S INTERNATIONAL, INC., PAPA JOHN'S USA, INC., PARADISE ISLANDS PIZZA, INC. d/b/a PAPA JOHN'S PIZZA, and KRUEGER PIZZA MARATHON, LLC, ("Defendants"), and in filing this Complaint shows the Court as follows:

### INTRODUCTION

Plaintiff, Y. FRANCO, was a former employee of Defendants, and this lawsuit involves acts of racial discrimination, national origin discrimination, assault, battery, intentional infliction of emotional distress (IIED), negligence, and violation of Plaintiff's rights under 42 U.S.C. §

1981 and applicable state law. Plaintiff demands a jury trial in this case as to any and all issues triable by jury. This action seeks compensatory damages, punitive damages, lost wages (past, present, and future), attorney's fees, taxable court costs, and pre-judgment and post-judgment interest.

## PARTIES

1. Plaintiff, Y. FRANCO, is a resident of Monroe County, Florida.

2. Defendant, PAPA JOHN'S INTERNATIONAL, INC., does business in this jurisdiction and may be served with process by mail or in-person to their registered agent, THE CORPORATION TRUST COMPANY, 1209 Orange Street, Wilmington, New Castle, DE, 19801.

3. Defendant, PAPA JOHN'S USA, INC., does business in this jurisdiction and may be served with process by mail or in-person to their registered agent, C T CORPORATION SYSTEM, 334 North Senate Avenue, Indianapolis, IN, 46204.

4. Defendant, KRUEGER PIZZA MARATHON, LLC, does business in this jurisdiction and may be served with process by mail or in-person to their registered agent, Ashley Krueger, 5105 Overseas Highway, Marathon, FL 33050.

5. Defendant, PARADISE ISLANDS PIZZA, INC. d/b/a PAPA JOHN'S PIZZA, does business in this jurisdiction and may be served with process by mail or in-person to their registered agent, Keith Krueger, 392 Beverly Ct, Suite A, Spring Hill, FL 34606. Its main address is 5105 Overseas Hwy, Marathon, FL 33050.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Florida, Key West Division, because Plaintiff worked for Defendants in Monroe County, Florida,

and a substantial part of the events or omissions giving rise to this lawsuit occurred in Florida, as required under 28 U.S.C. § 1391.

## JURISDICTION

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves a federal question arising under 42 U.S.C. § 1981. The unlawful employment practices asserted herein were committed within the jurisdiction of this Court, constituting violations of federal law. Furthermore, this Court has supplemental jurisdiction over the Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367, as those causes of action are so related to the causes of action in this action under 28 U.S.C. § 1331 that they form part of the same case or controversy. The state law causes of action arise from the same facts and are such that they would ordinarily be expected to be tried in one judicial proceeding. Thus, this Court possesses jurisdiction to adjudicate not only the federal causes of action presented but also the related state law causes of action asserted by the Plaintiff.

## PROCEDURAL PREREQUISITES

8. Plaintiff has met all conditions precedent to the filing of this action. Additionally, this lawsuit has been filed within the statute of limitations as required under 42 U.S.C. § 1981.

## FACTS

9. Plaintiff, Y. FRANCO (hereinafter "Plaintiff"), a Hispanic female and United States citizen born in Honduras, commenced employment with Defendants on June 20, 2023, as a cashier/delivery driver at the Papa John's location operated by Krueger Pizza Marathon, LLC, located at 5105 Overseas Hwy, Marathon, FL 33050.

10. During her employment, Plaintiff was subjected to disparate treatment and a hostile work environment based on her race, national origin, and/or color, in violation of 42 U.S.C. § 1981.

11. Defendant Papa John's International, Inc. is a pizza delivery company under which the Marathon, Florida location operates.

12. Defendant Papa John's USA, Inc. is a pizza delivery company under which the Marathon, Florida location operates.

13. Defendant Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza operates the Marathon location of Papa John's and is overseen by Keith Krueger.

14. Defendant Krueger Pizza Marathon, LLC, directly operates the Marathon location of Papa John's and is overseen by Ashley Krueger.

15. Elson Stuart served as the general manager of the Marathon location for approximately 20 years.

16. Stephanie Delgado was a cashier at the Defendant's Marathon location. Delgado and Stuart were in a personal relationship, which is known among the staff.

17. On several occasions, Plaintiff was excluded from receiving her fair share of the nightly pool of tips, a benefit extended to other employees, who were mostly of African American descent. This exclusion was not based on job performance but was racially motivated.

18. Approximately five individuals of Cuban, Hispanic, or Latin American descent were terminated during Plaintiff's employment, suggestive of a pattern of racial discrimination. Plaintiff, being Hispanic, was the only non-Black employee during the relevant time, highlighting the racially motivated disparate treatment.

19. On July 8, 2023, after Plaintiff attempted to deliver pizza orders efficiently to customers' residences, she was met with aggression and hostility upon her return to the store. Stuart, exhibiting signs of intoxication, along with Delgado, threatened Plaintiff's employment and physically assaulted her. Stuart removed his shirt and hat in a threatening manner, while Delgado slapped Plaintiff across the face and destroyed her cell phone by throwing it on the ground.

20. Plaintiff's attempts to document the assault were met with further violence, culminating in her calling 911 for assistance. Despite the intervention of law enforcement, Plaintiff was instructed not to press charges in the immediate aftermath, highlighting the intimidation she faced.

21. After the altercation, Plaintiff was terminated from her position on July 8, 2023, by Stuart, further exacerbating the damages she suffered, including lost wages, emotional distress, and the cost of medical treatment for the trauma endured.

22. Despite Plaintiff's efforts to seek redress, including contacting the franchise owners, Defendants refused to compensate her for the destroyed personal property and unpaid wages.

23. The police report corroborates Plaintiff's account, noting Stuart's impairment at the scene. Stephanie Delgado was arrested three days later for property damage and destroying evidence.

24. Plaintiff has since undergone medical treatment for emotional distress stemming from the incident, incurring substantial expenses.

**COUNT I: RACIAL DISCRIMINATION UNDER 42 U.S.C. § 1981**

25. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff Y. FRANCO asserts this cause of action against Defendants under 42 U.S.C. § 1981, which prohibits intentional race discrimination in employment contracts and practices.

26. Title 42 U.S.C. § 1981, inter alia, protects at-will employees from employment discrimination on the basis of race and national origin because at-will employment in Florida is a form of contract. Defendant offered to pay Plaintiff for her work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. § 1981.

27. Defendants, by their actions as described herein, have violated Plaintiff's rights under 42 U.S.C. § 1981 by discriminating against her on the basis of her race. This discrimination includes, but is not limited to, disparate treatment in employment conditions, the creation of a hostile work environment, physical assault, wrongful termination, and other acts that impaired Plaintiff's right to the full and equal benefit of all laws and proceedings for the security of persons and property.

28. The conduct of Defendants was intentional, willful, and taken in disregard for the federally protected rights of Plaintiff. As a direct and proximate result of Defendants' unlawful conduct under 42 U.S.C. § 1981, Plaintiff has suffered economic and non-economic damages, including loss of income, emotional distress, and other compensable injuries.

**COUNT II: NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. § 1981**

29. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff Y. FRANCO asserts this cause of action for national origin discrimination under 42 U.S.C. § 1981, which prohibits intentional national origin discrimination in employment contracts and practices.

30. Plaintiff, being of Honduran national origin, falls within the protections afforded by 42 U.S.C. § 1981, which extends its protections to the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

31. Defendants engaged in actions that discriminated against Plaintiff based on her national origin, thereby impairing her right to the full and equal benefit of all laws and proceedings for the security of persons and property as protected by 42 U.S.C. § 1981. Such discriminatory actions by Defendants include but are not limited to disparate treatment in the terms and conditions of employment, creation of a hostile work environment, physical assault, destruction of personal property, and wrongful termination, all based on Plaintiff's national origin.

32. The actions of Defendants were intentional, willful, and purposefully discriminatory, and they deprived Plaintiff of her rights under 42 U.S.C. § 1981 to the full and equal benefit of all laws and proceedings for the security of persons and property. As a direct and proximate result of Defendants' conduct and violation of 42 U.S.C. § 1981, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits, emotional distress, pain and suffering, and other compensable losses.

## COUNT III: NEGLIGENCE UNDER FLORIDA LAW

33. Plaintiff incorporates by reference all preceding paragraphs and invokes this court's supplemental jurisdiction. Plaintiff Y. FRANCO brings this cause of action for negligence against Defendants under the laws of the State of Florida.

33. Defendants owed a duty of care to Plaintiff, as an employee, to provide a safe working environment that is free from foreseeable harm and risks that could cause injury. Defendants breached their duty of care to Plaintiff by failing to:

a. Adequately supervise and train their employees, including management personnel, to prevent acts of violence and aggression in the workplace;

b. Implement and enforce policies that could have prevented the hostile and aggressive behavior that resulted in physical and emotional harm to Plaintiff;

c. Take reasonable steps to ensure the safety and security of their employees, including Plaintiff, from foreseeable acts of assault and battery by other employees or managers.

As a direct and proximate result of Defendants' breach of their duty of care, Plaintiff suffered physical harm, emotional distress, and economic losses. This includes, but is not limited to, the incident on July 8, 2023, where Plaintiff was physically assaulted, resulting in the destruction of her personal property and subsequent termination from her employment, which was a foreseeable consequence of Defendants' negligence.

34. Defendants' negligence was a substantial factor in causing the injuries and damages suffered by Plaintiff. Had Defendants exercised reasonable care in supervising their employees, enforcing safety policies, and providing a safe working environment, Plaintiff would not have suffered the injuries and damages incurred.

35. Plaintiff has incurred medical expenses, lost wages, lost employment benefits, and has suffered pain and suffering, emotional distress, and other compensable damages as a direct result of Defendants' negligence.

## COUNT IV: ASSAULT UNDER FLORIDA LAW

36. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff Y. FRANCO brings this cause of action for assault against Defendants under the laws of the State of Florida.

37. On or about July 8, 2023, Stephanie Delgado, acting within the scope of her employment and under the direction and control of Defendant Krueger Pizza Marathon, LLC, Defendant Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Defendant Papa John's International, Inc., committed an act of assault against Plaintiff by intentionally acting and threatening to act in a manner that caused Plaintiff to fear imminent physical harm. This conduct was without Plaintiff's consent.

38. Elson Stuart, also acting within the scope of his employment and under the direction and control of Defendant Krueger Pizza Marathon, LLC, Defendant Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Defendant Papa John's International, Inc., participated in and endorsed the conduct by threatening Plaintiff, thereby contributing to the assault.

39. Defendants Krueger Pizza Marathon, LLC, Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Papa John's International, Inc. are vicariously liable for the actions of their employees, Delgado and Stuart, as these actions were carried out within the scope of their employment and were directed towards Plaintiff, an employee.

40. The assault perpetrated was intentional, unprovoked, and a direct violation of Plaintiff's right to be free from fear of imminent harm while in her workplace. As a direct and proximate result of Defendants' assault, Plaintiff suffered, and continues to suffer, physical pain, emotional distress, humiliation, fear, and anguish. The assault has also caused Plaintiff to incur medical expenses and loss of wages due to her inability to continue working as a result of the emotional trauma and fear stemming from the incident.

## COUNT V: BATTERY UNDER FLORIDA LAW

41. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff Y. FRANCO brings this cause of action for battery against Defendants under the laws of the State of Florida.

42. On or about July 8, 2023, Stephanie Delgado, acting within the scope of her employment and under the direction and control of Defendant Krueger Pizza Marathon, LLC, Defendant Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Defendant Papa John's International, Inc., committed an act of battery against Plaintiff by intentionally making harmful and offensive contact with Plaintiff. This contact included striking Plaintiff across the face and forcibly taking and destroying Plaintiff's personal property, actions taken without Plaintiff's consent.

43. Elson Stuart, by his actions and presence, facilitated and endorsed the conduct of Delgado, thereby participating in the act of battery against Plaintiff.

44. Defendants Krueger Pizza Marathon, LLC, Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Papa John's International, Inc. are vicariously liable for the actions of their employees, Delgado and Stuart, as these actions were carried out within the scope of their employment and were directed towards Plaintiff, an employee.

45. The battery perpetrated by Defendants was unprovoked, intentional, and a direct violation of Plaintiff's right to be free from unauthorized and harmful or offensive physical contact. As a direct and proximate result of Defendants' battery, Plaintiff suffered, and continues to suffer, physical injuries, emotional distress, humiliation, and other damages. The battery has caused Plaintiff to incur medical expenses and lose wages due to her inability to continue working because of the physical and emotional injuries sustained from the incident.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) UNDER FLORIDA LAW

46. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff Y. FRANCO brings this cause of action for intentional infliction of emotional distress against Defendants under the laws of the State of Florida.

47. Defendants' conduct, including but not limited to the assault, battery, discrimination based on race and national origin, creation of a hostile work environment, and wrongful termination, was extreme and outrageous, transcending all bounds of decency respected in a civilized society.

48. Defendants, by and through their employees, acted intentionally or recklessly, with the deliberate intent to cause Plaintiff emotional distress or with reckless disregard of the certainty that such distress would result from their actions. Defendants' conduct caused Plaintiff to suffer severe emotional distress, manifesting in physical symptoms, psychological trauma, and necessitating medical and therapeutic treatment. Plaintiff's emotional distress was a foreseeable result of Defendants' outrageous and intolerable actions.

49. Defendants Krueger Pizza Marathon, LLC, Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Papa John's International, Inc. are vicariously liable for the intentional or reckless actions of their employees, including Stephanie Delgado and Elson Stuart, which were committed within the scope of their employment and directed toward Plaintiff.

50. As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, severe emotional distress, pain and suffering, loss of enjoyment of life, and other damages. Plaintiff has incurred and will continue to incur expenses for medical and psychological treatment as a result of Defendants' conduct.

## COUNT VII: CONVERSION UNDER FLORIDA LAW

51. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff Y. FRANCO brings this cause of action for conversion against Defendants under the laws of the State of Florida.

52. On or about July 8, 2023, Stephanie Delgado, acting within the scope of her employment and under the direction and control of Defendant Krueger Pizza Marathon, LLC, Defendant Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Defendant Papa John's International, Inc., unlawfully took Plaintiff's personal property, specifically a cellphone, and intentionally destroyed it. This act deprived Plaintiff of her right and possession to her personal property.

53. The actions of Delgado, endorsed and not prevented by Elson Stuart and occurring within the scope of their employment, constitute conversion under Florida law as they intentionally exerted wrongful control over Plaintiff's property, thereby depriving Plaintiff of its use and possession.

54. Defendants Krueger Pizza Marathon, LLC, Paradise Islands Pizza, Inc. d/b/a Papa John's Pizza, and Papa John's International, Inc. are vicariously liable for the actions of their employees, Delgado and Stuart, as these actions were carried out within the scope of their employment and were directed toward Plaintiff, an employee.

55. As a direct and proximate result of Defendants' conversion of Plaintiff's personal property, Plaintiff has suffered actual damages, including the loss of the property's value and the loss of use of the property. The conduct of Defendants was intentional, willful, and malicious, warranting not only compensatory damages but also punitive damages to punish Defendants and to deter such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

- Back Pay and Lost Benefits;
- Pre-Judgment Interest on Back Pay;
- Front Pay;
- Compensatory Damages, including, but not limited to, emotional distress;
- Punitive Damages;
- Injunctive and Affirmative Relief;
- Post-Judgment Interest;
- Attorneys' Fees and Costs; and
- Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

**WHEREFORE**, Plaintiff requests damages and reasonable attorneys' fees from Defendants pursuant to 42 U.S.C. § 1981, and any other applicable authority (statute/law, etc.) to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/Elizabeth Fridman*
Elizabeth Fridman
Florida Bar No. 1011310
Email: elizabeth.fridman@coane.com
Arthur Mandel
Fla. Bar #22753
Email: arthur.mandel@coane.com
Jurgen Negron

Fla. Bar #0123892
Email: jurgen.negron@coane.com
COANE AND ASSOCIATES, PLLC
1250 E Hallandale Blvd, PH-2
Hallandale Beach, FL 33009
Telephone: (305) 538-6800
Facsimile: (832) 558-1780
***ATTORNEYS FOR PLAINTIFF***